1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EDDIE SEASMAN,                           No. 2:13-CV-2121-KJM-CMK-P

12              Plaintiff,

13         vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    GARY SWARTHOUT, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

                                              1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Gary Swarthout, prison warden; D.

Hudnall, associate warden; H. Shirley, correctional captain; D. Kyte, correctional lieutenant; P.R.

Chambers, correctional sergeant; E. Collier, correctional sergeant; E. Majors, correctional

counselor; V. Estrella, inmate appeals coordinator; and N. Clark, inmate appeals coordinator.

According to plaintiff, a prison riot broke out on September 20, 2012, between Black Crips and

white supremacy groups.  On September 21, 2012, all black and white inmates who were on the

yard at the time of the riot were placed in administrative segregation.  Plaintiff states that

defendant Kyte ordered the administrative segregation placement.

Plaintiff next states that a hearing was held on September 27, 2012, by the facility

staff committee, consisting of defendants Hudnall, Majors, and Collier.  Plaintiff states that he

was told by the committee that the he was placed in administrative segregation because he was

identified by staff as being involved in the riot.  According to plaintiff, his housing in

administrative segregation consisted of a "stripped-out cell without lights and no clothing except

boxer shorts, tee shirt, and socks."  On October 2, 2012, plaintiff was issued a CDC 115 rules

violation citation signed by defendants Kyte, Chambers, Shirley, and Hudnall.

/ / /

/ / /

Plaintiff alleges that he met with an investigative employee regarding his CDC 115 on October 6, 2012.  He states that he asked the investigative employee to interview correctional officer Perry, whom plaintiff said was in the yard tower at the time of the riot.  Plaintiff also asked that inmates Evans and Williams be interviewed, and that the investigative employee view the video feed of the yard from the day of the riot.  According to plaintiff, this evidence would show that he did not move during the riot and, therefore, was not involved in the riot.  Later in the complaint plaintiff claims that defendants Kyte, Chambers, and Collier refused to call witnesses "before finding him guilty of being involved in a riot with no evidence to support the charge. . . ."

Plaintiff's CDC 115 hearing was held on October 22, 2012.  Plaintiff states that the video was shown which revealed: "I did not move from the spot where I first set down when the alarm sounded until moved by CCI Hughes and walked to my housing unit in Building 11."  Plaintiff states that he was ultimately found not guilty of a rules violation and was returned to the general population "50 days after placement in administrative segregation."

Plaintiff claims that, upon his return to the general population, he found that some of his property was missing.  Plaintiff states that unnamed staff have refused to process his inmate appeals regarding his administrative segregation placement and missing property.

Plaintiff claims that he was placed in administrative segregation punitively, in violation of his due process rights.  As to defendants Swarthout, Hudnall, Shirley, Kyte, and Chambers, plaintiff claims that they are liable for "failing to intervene."  More specifically, plaintiff claims that defendant Swarthout failed to "take action to curb the known pattern of race abuse of inmates by defendants. . . ."  He also claims that he has a liberty interest in "freedom from arbitrary segregation" under California law which was violated by defendants Kyte, Chambers, Collier, and Majors.  Plaintiff further claims that the denial of witnesses violated due process.  Finally, plaintiff claims that the loss of his property violated due process.

## II.  DISCUSSION

Plaintiff claims violations of his due process rights arising from the following:  (1) his 50-day placement in administrative segregation following the prison riot; (2) the denial of witnesses; and (3) the loss of his property.

As to his first two claims, when a prisoner is placed in administrative segregation, and when the inmate alleges a material difference between the conditions in the general population and administrative segregation, the inmate may have a liberty interest in receiving, within a reasonable time after the prisoner's placement, an informal review of the evidence justifying the decision to segregate the inmate.  See Jackson v. Carey, 353 F.3d 750, 755-57 (9th Cir. 2003); see also Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).  The Supreme Court has stated that five days is a reasonable time for the post-placement review.  See Hewitt v. Helms, 459 U.S. 460, 477 (1983), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)  Before the review, the prisoner must receive some notice of the charges and be given an opportunity to respond to the charges.  See Id. at 476 (1983), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  The prisoner is not, however, entitled to a detailed written notice, representation of counsel or a counsel substitute, an opportunity to present witnesses, or a written decision.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. at 472

Here, plaintiff claims that he was placed in administrative segregation on September 21, 2012, following a prison riot between black and white inmates the previous day. Plaintiff also states that a "hearing" was held on September 27, 2012, by the "staff committee" consisting of defendants Hudnall, Majors, and Collier.  While plaintiff alleges that the conditions of confinement in administrative consisted of a "stripped-out cell without lights and no clothing except boxer shorts, tee shirt, and socks" – conditions the court presumes to be materially different that those in the general population – plaintiff has not alleged denial of any of the minimal post-placement protections required by due process.  Specifically, plaintiff's post-

placement hearing was held within a reasonable time – six days – after his placement. Additionally, plaintiff was provided notice of the reason he was being placed in administrative segregation as well as an opportunity to appear at a hearing.  Contrary to plaintiff's claim, he was not entitled to call witnesses at the post-placement hearing.[1]

As to the loss of his property, where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available.  See Zinermon, 494 U.S. at 136-39.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See id. at 128-29.  In this case, California's tort claims procedures provide an adequate post-deprivation remedy with respect to the loss of plaintiff's property.

For these reasons, the court finds that plaintiff cannot state any due process claims on the alleged facts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]     The court notes that, according to plaintiff, he was permitted to present evidence at the CDC 115 rules violation disciplinary hearing held on October 22, 2012, after which plaintiff was found not guilty of any rules violation in connection with the prison riot the month before.

**III.  CONCLUSION**

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  October 30, 2014

 

                                         _____
                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE