IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE NEASMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY SWARTHOUT, et al.,<br><br>    Defendants. | No. 2:13-CV-2121-KJM-CMK-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On October 30, 2014, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

/////

/////

1

1    This action arises from events that allegedly followed a prison riot at California

2 State Prison-Solano on September 20, 2012.  Plaintiff alleges

3
> On 9/21/12 I was placed in administrative segregation as being involved in a riot between black crips and white supremacy groups issued by D. Kyte, P.R. Chambers, On 9/27/12 a hearing was held by staff members D. Hudnall, (AW), E. Majors, (CCI) E. Collier (Sgt), A. 602 inmate appeal was filed and [re]peatedly rejected by N. Clark, and V. Estrella (appeals coordinators)  I had a court deadline of 10/03/12 and was denied access to legal property to meet that deadline which was then denied by the court.  I was held in administrative segregation for fifty (50) days.  When released from ad seg, a lot of my personal property was missing or taken by staff and was refused to replace the property.

9 ECF No. 1 at 3 (verbatim).  Plaintiff also alleges he was found not guilty of the rules violation

10 charge on October 22, 2012 and released back to a Level II facility on November 8, 2012.  ECF

11 No. 1 at 8.  Plaintiff claims that certain defendants violated his rights under the Eighth

12 Amendment, while other defendants discriminated against him on the basis of race.  ECF No. 1 at

13 9.  Plaintiff also claims violations of his right to due process and to court access.

14    The findings and recommendations construe the complaint as containing due

15 process claims based on the fifty day placement in administrative segregation, denial of witnesses

16 at a hearing, and loss of property.  ECF No. 11 at 4.  Based on that construction of the complaint,

17 the magistrate judge concludes that plaintiff has failed to state a cognizable due process claim and

18 recommends dismissal of the action without leave to amend and with prejudice.  The findings and

19 recommendations do not address plaintiff's claims of race discrimination or interference with

20 access to the courts.  While the court agrees that plaintiff has not stated a cognizable due process

21 claim in connection with his initial placement in administrative segregation, it is not clear whether

22 plaintiff had any Eighth or Fourteenth Amendment protection against retention in punitive

23 segregation after he was found not guilty of the disciplinary charges.[1]

24    For the foregoing reasons, this matter will be referred back to the assigned

25 magistrate judge for further screening of the original complaint.  *See* 28 U.S.C. § 1915A.

26 /////

---

[1] Plaintiff alleges he was placed in "punitive segregation" on September 22, 2012. ECF No. 1 at 7.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 30, 2014, are not adopted; and

2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: August 18, 2015.

_____
UNITED STATES DISTRICT JUDGE